# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-1004

_____

Tumey, LLP; Tod T. Tumey

*Plaintiffs - Appellants*

v.

Mycroft AI, Inc.; Joshua Montgomery; Michael Lewis

*Defendants - Appellees*

_____

No. 23-1214

_____

Tumey, LLP; Tod T. Tumey

*Plaintiffs - Appellants*

v.

Mycroft AI, Inc.; Joshua Montgomery; Michael Lewis

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 21, 2023
Filed: October 24, 2023

_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

MELLOY, Circuit Judge.

Tod T. Tumey and Tumey, LLP (collectively, "Tumey") appeal the district court's[1] denial of their motion to disqualify Mark Lanterman from serving as an expert witness. Appellants argue that Lanterman's testimony should have been excluded due to a conflict of interest, and as a result of this error, the case should be reversed and remanded. We affirm.

I.

Tumey commenced this action in 2021, alleging that Mycroft AI, Inc., Michael Lewis, and Joshua Montgomery (collectively, "Mycroft") engaged in harassment of Tumey, including through "online hacking, phishing, identity theft, and other cyberattacks." In May 2021, Tumey contacted Mark Lanterman to inquire about employing him as an expert witness in the case. Tumey emailed Lanterman a copy of their Complaint against Mycroft, after which Tumey's counsel and Lanterman had a forty-to-sixty-minute conference call to discuss the nature of the case and potential expert work involved. On the call, Lanterman shared that he had checked for conflicts of interest and would be available to serve as Tumey's expert in the case. Tumey's counsel and Lanterman also discussed: evidence Tumey had collected, Mycroft's possible counterarguments and evidence, Tumey's discovery and litigation strategies, a fake website Tumey created to "trap" potential hackers, the value of using forensic analysis in the case, Tumey's other expert witness, and the law enforcement agencies that Tumey had contacted regarding the case. Lanterman was not compensated for his time on the conference call; afterward, Lanterman emailed Tumey an engagement letter that included a confidentiality

_____
[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

provision. Tumey never executed the engagement letter and did not retain Lanterman.

In January 2022, Mycroft designated Lanterman as their expert witness, and Tumey moved to disqualify Lanterman on grounds that a conflict of interest existed based on the May 2021 emails and conference call. The district court denied Tumey's motion to disqualify Lanterman, who later testified at trial. A jury found in favor of Mycroft. Tumey appealed the denial of the motion to disqualify Lanterman, asking this Court to reverse and remand the case for a new trial. We deny this request and affirm.

## II.

We review a district court's denial of a motion to exclude expert testimony for an abuse of discretion, and we review "its findings of fact for clear error." *Taylor v. Cottrell, Inc.*, 795 F.3d 813, 816 (8th Cir. 2015). A court abuses its discretion "if it 'commits a clear error of judgment in weighing [the relevant] factors.'" *Nutt v. Kees*, 796 F.3d 988, 991 (8th Cir. 2015) (quoting *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009)).

In denying Tumey's motion to disqualify Lanterman as an expert witness, the district court held that the facts "do not favor a finding that a confidential relationship existed" between Tumey and Lanterman that would give rise to a conflict of interest. In its reasoning, the district court looked to factors that other courts have considered determinative when deciding to disqualify an expert witness because of a conflict of interest: "whether the party and the expert engaged in a long series of interactions, whether the expert was asked to perform any services, whether the expert performed any services, and whether the expert was formally retained." *Tumey v. Mycroft AI Inc.*, No. 21-cv-00113, at 4 (W.D. Mo. Mar. 18, 2022) (citing *Koch Refin. Co. v. Jennifer L. Boudreau MV*, 85 F.3d 1178, 1182 (5th Cir. 1996); *Sioux Steel Co. v. KC Eng'g, P.C.*, No. 15-cv-04136, 2018 WL 7082734, at \*8 (D.S.D. Sept. 19, 2018); *Northbrook Digit. LLC v. Vendio Servs., Inc.*, No. 07-2240, 2009 WL 5908005, at

*2 (D. Minn. Aug. 26, 2009); *Mays v. Reassure Am. Life Ins. Co.*, 293 F. Supp. 2d 954, 957 (E.D. Ark. 2003)). Here, the district court found all such factors were lacking. The district court was not persuaded that Tumey and Lanterman's single conference call and series of emails—where Lanterman neither performed work, nor was formally engaged by Tumey, nor signed a confidentiality agreement—created a confidential relationship that would disqualify Lanterman from later working with Mycroft.

Importantly, the district court found the information Tumey characterized as confidential had either been disclosed in discovery or prior preliminary injunction proceedings, or would eventually be divulged via discovery. In sum, the district court was not persuaded that confidential information was shared by Tumey's counsel with Lanterman and therefore found that no conflict of interest existed to justify disqualification.

On appeal, the Tumey appellants argue that the district court erred because it did not evaluate "other factors," including information provided to Lanterman on "litigation and discovery strategies," the emails and conference call between Tumey's counsel and Lanterman, and the fact that "Tumey's counsel provided confidential and privileged information" and Lanterman "provided confidential and privileged insights and feedback in response." We find Tumey's support for their argument that confidential information was exchanged to be vague and unpersuasive. *Taylor*, 795 F.3d at 817 (reversing an exclusion decision where evidence of conflict was vague and unsupported). The Tumey appellants reiterate their broad assertions that the information shared with Lanterman was "confidential" and "significant," yet they fail to identify specific confidential information that was conveyed to Lanterman. The district court found that Tumey's lack of concrete examples failed to show they shared confidential information with Lanterman. Similarly, the Tumey appellants have failed to show this Court that the district court clearly erred in finding that no conflict of interest existed.

-4-

The district court did not abuse its discretion in denying Tumey's motion to disqualify, and we therefore affirm the judgment of the district court.

_____